INTERNATIONAL CURTIS MARINE TURBINE CO. et al. v. WILLIAM CRAMP & SONS SHIP & ENGINE BLDG. CO.

(Circuit Court, E. D. Pennsylvania. February 15, 1910.)

No. 263.

WITNESSES (§ 16*)—PRODUCTION OF DOCUMENTS—PUBLIC POLICY—NAVY DEPARTMENT PLANS.

Where, in a suit to restrain contractors for torpedo boat destroyers containing certain turbine engines alleged to infringe complainant's patents, complainant's witnesses, who had examined the plans and specifications on file in the Navy Department, testified that the turbines called for constituted an infringement of complainant's patents, and in answer to a subpœna duces tecum to compel defendant to produce copies of the plans and specifications, defendant contended that such disclosure was objected to by the Navy Department as detrimental to the interests of the United States, in that it would divulge military secrets, while complainant insisted that the Navy Department objected merely because it was detrimental to the interest of the United States for the department to disturb the cordial relations existing between it and the contractors, and that the furnishing of the copies by defendant voluntarily or by process of the court was not objected to, the matter will be continued until a statement of the Navy Department can be filed showing the grounds of its objection.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 16.*]

In Equity. Suit by the International Curtis Marine Turbine Company and others against William Cramp & Sons Ship & Engine Building Company. On motion to produce documents. Continued for departmental information.

C. B. Fraley, Richard N. Dyer, and Frederick P. Fish, for complainants.

C. V. Edwards, Abraham M. Beitler, and Samuel Dickson, for respondent.

HOLLAND, District Judge. Some time in the summer of 1908 the United States government invited proposals for the building of torpedo boat destroyers provided with steam turbines for propulsion. The defendant bid and was awarded the contract to construct two of these vessels, and on October 1, 1908, signed articles of agreement with the government for the building of the same. Plans and specifications upon which the defendant submitted its bid and upon which it was awarded the contract were filed in the Navy Department at Washington. These were examined by permission of the officials in the Navy Department by the complainant's engineers and counsel; but they were not permitted to make copies of them. The conclusion at which the complainant's representatives arrived, after the examination of the plans and specifications on file, was that the defendant company, in constructing the steam turbines for the propulsion of these torpedo boat destroyers, was infringing the complainant's patents relating to elastic-fluid turbines, commonly known as "steam turbines," and thereupon this bill was filed, alleging, in substance, that the defendant offered in writing, accompanied by certain plans and specifications, to build for the government elastic-fluid turbines embodying inventions

contained in the complainant's patents, and that their proposal had been accepted by the government, and that they were about to proceed to build these turbines and infringe the complainant's patents.

Macdonald and Smith, who examined the plans and specifications on file at the Navy Department, have testified that the turbines built by the defendant company, as disclosed by their plans and specifications, are an infringement of the complainant's patents. A subpœna duces tecum was issued and served upon the president of the defendant company to produce copies of the plans and specifications upon which the turbines built by it for the government were constructed. In answer to this subpœna, the plans and specifications were produced sealed in an envelope, and the witness refused to open them upon the ground (1) that it would be compelling defendant to divulge trade secrets. It appears, as we have stated, that MacDonald and Smith, who examined the plans and specifications at the Navy Department, have testified that the turbines constructed from these plans and specifications infringe complainant's patents. It further appears that the defendant has contracted to build what are known as the "Zoelly turbines," which are known to complainant's engineers and to the general public through various publications.

As the complainant has offered considerable evidence tending to show that the defendant's turbines, as manufactured by it, infringe the complainant's patents, they would be entitled to an inspection of these plans and specifications, and to have them produced for the purpose of offering them in evidence, to enable the court to fully understand just what the defendant is making. But we do not definitely dispose of this branch of the matter before us at this time, as there is a more serious question raised by the defendant, to wit, that it "would be detrimental to the interest of the United States" to compel the defendant to submit these plans and specifications in evidence.

The defendant insists that the government has objected for the reason that, if these plans and specifications are in evidence and spread upon the records in this court, it will divulge military secrets to the detriment of the government; while, upon the other hand, the complainant contends that the Navy Department simply holds that it "would be detrimental to the interest of the United States * * * for the department" to furnish the copies, as it does not wish to disturb the cordial relations existing between it and contractors by appearing to be willing to furnish copies of contractors' plans and specifications to their competitors, and that the furnishing of copies by defendant voluntarily, or by process of court, is not objected to by the department.

If the complainant's claim as to the position of the Navy Department be correct, we see no reason now why it should not have these plans and specifications to offer in evidence; but the court is not convinced that this is the reason for the government's objection, and, in order that there shall be no mistake in regard to the exact facts on this point, it seems to me the Navy Department should be informed of the rule on defendant to produce these documents, and should be requested by defendant to state the grounds of its objection, so that the court may know whether these plans and specifications may be put in evidence

without, in the judgment of the department, causing the discovery of military or other secrets detrimental to the public interest.

The motion will be continued until March 1, 1910, to enable the defendant to file a statement of the Navy Department stating its grounds of objection, after which date either party may again be heard on the rule.